ORDERED.

Dated: July 15, 2021

_____
Michael G. Williamson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                                  Case No. 8:19-bk-08804-MGW
                                                                        Chapter 13
Raymond Devindra Bhairo,

    Debtor.
_____/

# MEMORANDUM OPINION ON APPLICABILITY OF FLORIDA'S OFFER OF JUDGMENT STATUTE

Eight years ago, in *Diamond Aircraft Industries, Inc. v. Horowitch*, the Florida Supreme Court held that Florida's offer of judgment statute—section 768.79, Florida Statutes—does not apply to an action in which a plaintiff seeks both damages and equitable relief and the defendant serves an offer of judgment as to all claims. Here, the Debtor, relying on *Diamond Aircraft*, objects to a proof of claim filed by Fuentes & Kreischer, who sued the Debtor in state court for damages and equitable relief, because the proof of claim seeks more than $50,000 in attorney's fees under section 768.79.

Unlike in *Diamond Aircraft*, however, the demand for judgment in this case was not directed to both the damages claims and equitable claims—it was directed only to the damages claim. This Court must therefore decide an issue of first impression: Does section 768.79, Florida Statutes, apply when a plaintiff seeks both damages and equitable relief but a demand for judgment is directed to only the damages claim? Because the reasoning of *Diamond Aircraft* does not extend to cases like this one, this Court concludes that section 768.79, Florida Statutes, does apply to an action involving claims for damages and equitable relief when an offer or demand for judgment is directed only to the damages claims.

I.     **Background**

Prepetition, Fuentes & Kreischer, P.A. represented Oma Keenan in a mortgage foreclosure action against the Debtor.[1] One day, while the foreclosure action was pending, the Debtor showed up at the firm's office with a $32,000 check made payable to the firm.[2] The Debtor told the firm the check was his and that the firm was authorized to negotiate it and use the funds to pay off their client's note and mortgage, which the firm did.[3]

---

[1] Doc. No. 62-1.

[2] *Id.* at ¶ 4.

[3] *Id.* at ¶¶ 5 – 6.

It wasn't until several months later that Fuentes & Kreischer discovered the check was not the Debtor's.[4] As it turns out, the check belonged to Select Motors of Tampa, which apparently had given the check to the Debtor in connection with what it thought was a potential purchase of the Debtor's property.[5] Contrary to the Debtor's representation, he did not have authority to use the check to pay off the note and mortgage on his property.[6]

Although the Debtor apparently later admitted that the money wasn't his, when Select Motors came looking for its money back, the Debtor refused.[7] So Select Motors turned to Fuentes & Kreischer. To avoid a potential lawsuit, Fuentes & Kreischer paid Select Motors $32,000 and then sued the Debtor in state court.[8]

Fuentes & Kreischer's complaint included claims for damages and equitable relief. The equitable claim was for an equitable lien.[9] The damages claims were for fraud, unjust enrichment, and assignment of Select Motors' claim (which was basically a breach of contract claim asserted on Select Motors' behalf).[10]

---

[4] *Id.* at ¶ 7.

[5] *Id.*

[6] *Id.*

[7] *Id.* at ¶ 8.

[8] *Id.*

[9] *Id.* at ¶¶ 18 – 21.

[10] *Id.* at ¶¶ 9 – 17 & 22 – 26.

More than three years into the lawsuit, Fuentes & Kreischer served a demand for judgment on the Debtor.[11] The demand for judgment, which was for $20,000, was directed only to the damages claims against the Debtor:

> This demand resolves *all damages that would otherwise [be] awarded in a final judgment* in this action in favor of Demandor and against Demandee, subject to paragraph F [which specified the demand included taxable costs but not attorney's fees].[12]

The Debtor declined to accept the demand for judgment.

The action was then tried before the state court.[13] After a bench trial, the state court awarded Fuentes & Kreischer $32,000 in damages, plus prejudgment interest.[14] The judgment also included an equitable lien on the Debtor's property.[15] After the judgment was entered, Fuentes & Kreischer moved for fees under its demand for judgment and section 768.79, Florida Statutes.[16]

Section 768.79, Florida Statutes, provides a mechanism for a plaintiff to recover it's reasonable attorney's fees and costs if the plaintiff serves a demand for judgment on the defendant; the demand is not accepted within 30 days; and the

---

[11] Doc. No. 79-2, Ex. A.

[12] *Id.* (emphasis added).

[13] Doc. No. 79-2 at ¶¶ 1 – 3.

[14] *Id.* at ¶ 3; Doc. No. 69-2.

[15] Doc. No. 69-2.

[16] Doc. No. 79-2 at ¶¶ 5 – 8.

plaintiff recovers a judgment in an amount that is at least 25% greater than the demand for judgment.[17]

Here, Fuentes & Kreischer served a $20,000 demand for judgment; the Debtor did not accept the demand; and Fuentes & Kreischer recovered $32,000—which is 60% greater than the firm's demand for judgment. The state court therefore granted Fuentes & Kreischer's motion and determined the firm was entitled to fees under section 768.79, Florida Statutes, but it deferred ruling on the amount of fees pending a separate hearing.[18]

Before the state court could hold that hearing, the Debtor filed for bankruptcy. Fuentes & Kreischer filed a $90,600.06 proof of claim in this case: $39,610.06 was for actual damages and prejudgment interest under the final judgment; the remaining $50,990 was for the attorney's fees that Fuentes & Kreischer claimed it is entitled to under section 768.79, Florida Statutes.[19] The Debtor has objected to Fuentes & Kreischer's claim.[20]

According to the Debtor, Fuentes & Kreischer is not entitled to fees under section 768.79, Florida Statutes. In support of his argument, the Debtor primarily relies on the Florida Supreme Court's decision eight years ago in *Diamond Aircraft*

---

[17] § 768.79(1), Fla. Stat.

[18] Doc. No. 79-6.

[19] Claim No. 10-2.

[20] Doc. No. 62.

*Industries, Inc. v. Horowitch*, which the Debtor argues stands for the proposition that "section 768.79 does not apply to an action for both damages and equitable relief."[21]

## II. Conclusions of Law

Before addressing whether section 768.79, Florida Statutes, applies to Fuentes & Kreischer's demand for judgment, the Court must first deal with a threshold issue raised by the firm: Is the state court fee order entitled to preclusive effect? Fuentes & Kreischer argues that because the parties fully litigated the firm's entitlement to fees in state court, and the state court determined the firm was entitled to fees under section 768.79, the Debtor is barred by res judicata from relitigating that issue in this Court.[22]

---

[21] *Id.* at ¶ 16 (citing *Diamond Aircraft Indus. Inc. v. Horowitch*, 107 So. 3d 362, 376 (Fla. 2013)). The Debtor also objects to the reasonableness of Fuentes & Kreischer's fees, as well as its ability to recover $1,050 in paralegal fees. *Id.* at ¶¶ 17 & 18. At the September 24, 2020 hearing on the Debtor's claim objection, the Debtor did not raise (or offer any evidence regarding) the reasonableness of the fees or whether the paralegal fees are recoverable. The Court therefor presumes the Debtor has abandoned these issues. Even if the Debtor hasn't abandoned those issues, the Court has reviewed the fee invoice and the affidavit of Andrew Hamilton, who represented Fuentes & Kreischer. Claim No. 10-2, Part 2; Doc. No. 79-7. Having reviewed those documents, the Court will overrule the objections to the reasonableness of the attorney's fees and costs and the recoverability of the paralegal fees. The sole remaining issue, then, is whether section 768.79 applies to Fuentes & Kreischer's demand for judgment.

[22] In determining whether the state court fee order is entitled to preclusive effect, this Court must apply Florida law since that is the state where the order was entered. *Universal Physician Servs., LLC v. Del Zotto*, 842 F. App'x 350, 356 (11th Cir. 2021) ("[W]e apply the res judicata law of the state where a prior judgment was rendered when determining whether that state court judgment bars a subsequent proceeding in federal court.") (citing *Amey, Inc. v. Gulf Abstract & Title, Inc.*, 758 F.2d 1486, 1509 (11th Cir. 1985)); *St. Laurent v. Ambrose (In re St. Laurent)*, 991 F.2d 672, 675 – 76 (11th Cir. 1993) ("If the prior judgment was rendered by a state court, then the collateral estoppel law of that state must be applied to determine the judgment's preclusive effect.").

Res judicata, of course, bars the relitigation of claims that have been fully litigated in a prior suit and decided on the merits.[23] The related doctrine of collateral estoppel bars relitigation of issues that were actually adjudicated in the prior suit.[24] But for either res judicata or collateral estoppel to apply, the judgment or order at issue must be final.[25]

Here, the state court order is nonfinal because it determines entitlement to fees but does not award an amount.[26] So neither res judicata nor collateral estoppel apply. This Court must therefore decide whether section 768.79 applies to Fuentes & Kreischer's demand for judgment.

---

[23] *Topps v. State*, 865 So. 2d 1253, 1255 (Fla. 2004) ("The doctrine of res judicata bars relitigation in a subsequent cause of action not only of claims raised, but also claims that could have been raised."); *Neapolitan Enters., LLC v. City of Naples*, 185 So. 3d 585, 590 – 91 (Fla. 2d DCA 2016) (explaining that "[r]es judicata is a procedural bar that prohibits relitigation of claims in a subsequent cause of action and includes claims that were raised or could have been raised in the prior action" and that "[f]or the doctrine of res judicata to apply, the ruling in the prior action must be on the merits of the claim").

[24] *Stogniew v. McQueen*, 656 So. 2d 917, 919 (Fla. 1995) (explaining that under the collateral estoppel doctrine, a "'judgment in the first suit only estops the parties from litigating in the second suit issues—that is to say points and questions—common to both causes of action and which were actually adjudicated in the prior litigation'") (quoting *Gordon v. Gordon*, 59 So. 2d 40, 44 (Fla. 1952)).

[25] *Zikofsky v. Mktg. 10, Inc.*, 904 So. 2d 520, 523 (Fla. 4th DCA 2005) (explaining that for res judicata to apply, "a judgment on the merits must have been rendered in a former suit"); *Mobil Oil Corp. v. Shevin*, 354 So. 2d 372, 374 (Fla. 1977) ("The essential elements of the [collateral estoppel] doctrine are that the parties and issues be identical, and that *the particular matter be fully litigated and determined in a contest which results in a final decision of a court of competent jurisdiction*.") (emphasis added).

[26] *Threadgill v. Nishimura*, 222 So. 3d 633, 635 (Fla. 2d DCA 2017) ("An order that merely finds entitlement to attorney's fees but does not set an amount is a nonfinal, nonappealable order."); *Mills v. Martinez*, 909 So. 2d 340, 342 (Fla. 5th DCA 2005) ("An award of attorneys' fees does not become final, and, therefore, appealable until the amount is set by the trial court."); *Chaiken v. Suchman*, 694 So. 2d 115, 117 (Fla. 3d DCA 1997) ("Contrary to the defendant's assertion, an order awarding entitlement to attorney's fees does not become final until the amount of the fee is set.").

Because that issue is a matter of state law, the Court's objective is to determine how the Florida Supreme Court would decide the issue.[27] To make that determination, this Court looks first to decisions by the Florida Supreme Court.[28] The starting point here is the Florida Supreme Court's decision in *Diamond Aircraft Industries, Inc. v. Horowitch*,[29] which the Debtor contends answers the question.

In *Diamond Aircraft*, Horowitch contracted to buy a jet aircraft from Diamond Aircraft Industries for $850,000. But Diamond Aircraft refused to deliver the aircraft unless Horowitch paid nearly $1.4 million. So Horowitch sued Diamond Aircraft in state court for specific performance. After the action was removed to federal court, Horowitch amended his complaint to include damages claims for breach of contract, breach of the covenants of good faith and fair dealing, and violation of Florida's Deceptive and Unfair Trade Practices Act.[30]

While the lawsuit was pending in federal court, Diamond Aircraft served an offer of judgment on Horowitch under section 768.79.[31] The offer, which was for

---

[27] *Guideone Elite Ins. Co. v. Old Cutler Presbyterian Church, Inc.*, 420 F.3d 1317, 1326 n.5 (11th Cir. 2005) (explaining that "[o]ur objective is to determine issues of state law as we believe the Florida Supreme Court would").

[28] *In re Watkins*, 620 B.R. 377, 381 (Bankr. M.D. Fla. 2020) (explaining that when interpreting section 197.482, Florida Statutes, "this Court would ordinarily look to decisions by the Florida Supreme Court").

[29] 107 So. 3d 362 (Fla. 2013).

[30] *Id.* at 365.

[31] *Id.*

$40,000, was directed to Horowitch's specific performance claim, as well as his damages claims, which had been pleaded in the alternative:

> This offer is intended to resolve *all claims* that were or could have been asserted by Plaintiff against Diamond Aircraft in the Amended Complaint filed March 15, 2007. The condition of this offer is that Plaintiff will dismiss his pending claims against Diamond Aircraft, with prejudice to re-file.[32]

Horowitch declined the offer. Later, the trial court granted summary judgment in Diamond Aircraft's favor. Diamond Aircraft then moved for fees under section 768.79. The trial court denied the fee request, reasoning that section 768.79, which applies in "any civil action for damages," was not applicable because Horowitch had asserted claims for damages *and* equitable relief.[33]

On appeal, the Eleventh Circuit concluded that Florida law had not specifically addressed whether section 768.79, Florida Statutes, applies in an action for damages and equitable relief. So it certified that question to the Florida Supreme Court:

> Does Fla. Stat. § 768.79 apply to cases that seek equitable relief in the alternative to money damages; and, even if it does not generally apply to such cases, is there any exception for circumstances in which the claim for equitable relief is seriously lacking in merit?[34]

---

[32] *Id.* (emphasis added).

[33] *Id.* at 366.

[34] *Id.* at 372.

The Florida Supreme Court answered the certified question in the negative: "We hold that section 768.79 does not apply to an action for both damages and equitable relief and no exception for a meritless equitable claim exists."[35]

The Debtor argues that *Diamond Aircraft* definitively resolves the issue here. After all, the argument goes, Fuentes & Kreischer's complaint included claims for damages and equitable relief, and the Florida Supreme Court held that section 768.79 does not apply to an action for both damages and equitable relief. Not so fast.

Although the Florida Supreme Court held that section 768.79 does not apply to actions involving claims for both damages and equitable relief, it limited that holding to cases involving a general offer or demand for judgment directed to the damages and equitable claims:

> We hold that section 768.79 does not apply to an action in which a plaintiff seeks both damages and equitable relief, *and in which the defendant has served a general offer of judgment that seeks release of all claims*.[36]

In fact, the Florida Supreme Court clarified it was not deciding whether, in an action for damages and equitable relief, section 768.79 applies to an offer directed to only a damages claim:

> The district court also noted in *Winter Park* that Florida courts have not decided whether a party may utilize section 768.79 when he or she has asserted separate claims for monetary and nonmonetary relief in the same pleading and the opposing party has served an offer directed

---

[35] *Id.* at 376.

[36] *Id.* at 374 (emphasis added).

10

>specifically to the monetary claim. However, in this case, the Court need not decide whether section 768.79 applies under such circumstances because the offer in this case was clearly a general settlement offer.[37]

That is precisely the issue here.[38] Therefore, *Diamond Aircraft* is not dispositive. Ordinarily, when the Florida Supreme Court has not spoken definitively on an issue, this Court looks to Florida's intermediate appellate courts.[39] But none of Florida's intermediate appellate courts have addressed the issue either.[40]

---

[37] *Id.* (citations omitted).

[38] The Debtor argues the demand is a "general" demand for judgment. Doc. No. 62 at ¶ 14. Not so. The demand for judgment here provides that it "resolves all *damages* that would otherwise be awarded in a final judgment." Doc. No. 79-2, Ex. A (emphasis added). Compare that language with the language of the general offer of judgment in *Diamond Aircraft*, which provided it was "intended to resolve *all claims* that were or could have been asserted" by Horowitch. *Diamond Aircraft*, 107 So. 3d 365 (emphasis added). What's more, unlike in *Starboard Cruise Services, Inc. v. DePrince*, where the court held the offer of judgment was "general," the demand here did not require a release or dismissal of all claims. 259 So. 3d 295, 300 (Fla. 3d DCA 2018) ("The trial court properly concluded that Starboard's offer was undeniably a general offer, as it required DePrince to release Starboard for all of the claims that were asserted in the case, not just Starboard's claims for breach of contract and conversion, and to dismiss with prejudice all counts of the amended complaint."); Doc. No. 79-2, Ex. A.

[39] *Guideone Elite Ins. Co. v. Old Cutler Presbyterian Church, Inc.*, 420 F.3d 1317, 1326 n.5 (11th Cir. 2005) ("The Florida Supreme Court has not spoken definitively on the issues before us, therefore, we look to relevant decisions of Florida's intermediate appellate courts.").

[40] *Winter Park Imps., Inc. v. JM Family Enters.*, 66 So. 3d 336, 341 – 42 (Fla. 5th DCA 2011) ("While we are not willing to opine that an offer (or demand) for judgment can never be utilized when a party has included separate claims for monetary and non-monetary relief in the same pleading and the offer (or demand) is directed only to the monetary claim, we do agree with the *Palm Beach Polo Holdings* decision to the extent that it holds that section 768.79 is inapplicable where a party's general offer of settlement is directed to a claim in which both damages and non-monetary relief is sought."); *MYD Marine Distrib., Inc. v. Int'l Paint, Ltd.*, 187 So. 3d 1285, 1286 – 87 (Fla. 4th DCA 2016) ("Accordingly, an offer of judgment which purports to resolve all claims is invalid if the case includes both monetary and nonmonetary causes of action. What is less clear, however, is whether an offer purporting to resolve only monetary claims in a suit also containing a nonmonetary cause of action is valid. We need not decide this issue at this juncture as affirmance is warranted based on the trial court's finding that the true relief sought by MYD below was monetary in nature.") (citations omitted).

11

Absent binding precedent from the Florida Supreme Court or one of Florida's intermediate appellate courts, this Court "must consider whatever might lend it insight," including other relevant state precedents and considered dicta from those decisions.[41] Once again, this Court turns to *Diamond Aircraft* for guidance.

*Diamond Aircraft* offered two reasons why section 768.79 did not apply to general offers directed to both damages and equitable claims—one practical and the other legal. This Court examines those two reasons to see if either would preclude section 768.79 from applying to an action involving damages and equitable claims when the offer is directed only to the damages claim.

Let's start with the practical reason: as the *Diamond Aircraft* Court pointed out, the right to fees under section 768.79 is predicated on the *amount* of the final judgment being at least 25% more or less than the offer or demand for judgment (depending on whether the plaintiff or defendant made it).[42] In other words, the right to fees under section 768.79 hinges on a comparison of mathematical values. Because it is all but impossible to assign an "amount" (i.e., mathematical value) to equitable relief, it would be impossible to compare the mathematical value of a

---

[41] *Guideone Elite Ins. Co.*, 420 F.3d at 1326 n.5.

[42] *Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So. 3d 362, 375 (Fla. 2013) (explaining that "the only method of calculation that the Legislature provided in [section 768.79] pertained to the '*amount* of the offer' as compared to the 'judgment obtained'"). If the plaintiff makes a demand for judgment, then the final judgment must be at least 25% more than the demand; if the defendant makes an offer of judgment, then the final judgment must be at least 25% less than the final judgment. § 768.79(1), Fla. Stat.

general offer or demand (directed to damages and equitable claims) against the mathematical value of the judgment obtained.[43]

That practical problem, of course, doesn't exist when the offer or demand for judgment is directed only to the damages claim. Thus, there is no practical reason why section 768.79 could not apply—even in an action involving both damages and equitable claims—when the offer or demand for judgment is directed only to the damages claim.

So that leaves the potential legal reason why section 768.79 may not apply: by its terms, section 768.79 applies only in "civil action[s] for *damages*."[44] Section 768.79 "does not state that it applies to actions in equity, or in an action, such as in this case, where a plaintiff seeks both monetary and nonmonetary relief."[45] According to the *Diamond Aircraft* Court, some courts have held that section 768.79 doesn't apply to "general" offers of judgment because "strict construction of the phrase 'any civil action for *damages*' in [section 768.79] does not include a claim for equitable relief, or one that involves claims for both monetary and nonmonetary relief."[46] Thus,

---

[43] *Winter Park*, 66 So. 3d at 340. The Fifth District Court of Appeal, in *Winter Park Imports, Inc. v. JM Family Enterprises*, suggests one scenario when an "amount" could be assigned to equitable relief: an "amount" of zero could be used when no injunctive relief is obtained. *Id.* But, in that scenario, only a defendant could avail itself of section 768.79. *Id.*

[44] 107 So. 3d at 375.

[45] *Id.*

[46] *Id.* at 373 (citing *Winter Park*, 66 So. 3d at 338 – 42; *Palm Beach Polo Holdings, Inc. v. Equestrian Club Ests. Prop. Owners Ass'n*, 22 So. 3d 140, 143 – 45 (Fla. 4th DCA 2009).

*Diamond Aircraft* could be read to suggest section 768.79 could never apply in an action involving both damages and equitable claims.

But this Court rejects that reading for three reasons.

First, while parts of the decision in *Diamond Aircraft* can be read to suggest section 768.79 could never apply in an action that included both damages and equitable claims, other parts of the decisions suggest it could. In particular, the *Diamond Aircraft* Court, relying on *Beyel Brothers Crane & Rigging Co. of South Florida, Inc. v. Ace Transportation, Inc.*, observed that courts have routinely held that the phrase "any civil action for damages" is "applicable to a *claim* in a civil action *in which a party seeks only damages, i.e., monetary relief*."[47] Notably, the *Diamond Aircraft* Court did not say that the phrase "any civil action for damages" encompasses *actions* in which a party seeks only damages. Rather, it said the phrase encompasses any *claim* in a civil action *in which a party seeks only damages*.[48] Thus, under that reading of *Diamond Aircraft*, section 768.79 could, in fact, apply to any *claim* seeking damages, even if accompanied by an equitable claim.

That reading of *Diamond Aircraft* is consistent with *Beyel Brothers.* In *Beyel Brothers*, Florida's Fourth District Court of Appeal defined the phrase "in any civil action for damages" broad enough to encompass *any claim seeking damages*:

---

[47] *Id.* (citing *Beyel Brothers Crane & Rigging Co. of S. Fla., Inc. v. Ace Transp., Inc.*, 664 So. 2d 62, 64 – 65 (Fla. 4th DCA 1995)) (emphasis added).

[48] *Id.*

14

> We begin by noting that there is no ambiguity in the words, "in any civil action for damages." *The plain and ordinary meaning of these words is to cover any claim by a party in a civil action in which money damages are sought from another party to the action. They convey a clear meaning sweeping in all civil actions in which one party seeks damages from another party.* The right to damages may arise under tort law; it may arise under contract law; it may arise under property law. *If the party seeks damages from another party, then the claim is covered by section 768.79's broad phrase, "civil action for damages."*[49]

Relying on *Diamond Aircraft* and *Beyel Brothers*, this Court concludes section 768.798 applies to any *claim* seeking *only damages*, even if accompanied by an equitable claim. Put another way, a claim for damages is not removed from section 768.79's ambit simply because it is part of an action that also includes a claim for equitable relief.

Second, had *Diamond Aircraft* intended that section 768.79 could never apply in an action involving claims for damages and equitable relief, there would have been no need for the Court to pass on the question whether section 768.79 applies to a specific offer or demand for judgment directed only to a damages claim. The answer to that question would have necessarily been "no." By passing on that question, however, the Florida Supreme Court was implicitly recognizing that section 768.79 may, in some circumstances, apply in actions involving damages and equitable claims.

---

[49] 664 So. 2d at 64 (emphasis added).

Third, at least one Florida intermediate appellate court—the Fourth District Court of Appeal in *Burtman v. Porchester Holdings, Inc.*—has applied section 768.79 in an action involving claims for damages and equitable relief.[50] Actually, *Burtman* involved an interpleader action and a cross-claim to set aside a fraudulent transfer.[51] The *Burtman* Court initially noted that an interpleader action falls within section 768.79's ambit, although not technically one for damages, because the "essential issue is clearly a dispute over money."[52] Although the court recognized a fraudulent transfer action "does not qualify under the statute as a claim for civil damages," it held that section 768.79 still applies because the fraudulent transfer issue was raised to defeat the "damages" claim, and the fraudulent transfer claim did not change the fact that the action "essentially involve[d] conflicting claims for money."[53] Thus, at least one Florida court has implicitly recognized that joining an equitable claim to a claim for damages does not, by itself, take the damages claim outside section 768.79's ambit.

Fourth, allowing section 768.79 to apply to actions involving both damages and equitable claims—but only when the offer or demand for judgment is directed to the damages claim—is consistent with the statute's purpose. Normally, the

---

[50] 680 So. 2d 631 (Fla. 4th DCA 1996).

[51] *Id.* at 632.

[52] *Id.*

[53] *Id.*

legislature's purpose—or intent—is determined from the text of a statute.[54] But when a statute is ambiguous, courts may look to legislative intent.[55] Because section 768.79 is arguably ambiguous to the extent it is unclear whether a "civil action for damages" encompasses an action that includes both damages claims and equitable claims, the Court can look to the purpose of section 768.79.

"[T]he legislative purpose of section 768.79 is to encourage the early settlement and termination of litigation in civil cases generally."[56] If parties were precluded from making a specific offer or demand for judgment directed to a damages claim simply because there were equitable claims pending, it would discourage—not encourage—settlement.

For one thing, a plaintiff with viable damages and equitable claims would be forced to choose between availing itself of section 768.79, on the one hand, or dismissing a potentially viable equitable claim, on the other. Defendants facing damages and equitable claims would likewise be discouraged from making offers of judgment because a plaintiff's failure to accept a reasonable offer would never trigger a right to fees. Worse, a plaintiff could game the system—and deprive a defendant of

---

[54] *Diamond Aircraft*, 107 So. 3d at 367 ("Our statutory analysis begins with the plain meaning of the actual language of the statute, as we discern legislative intent primarily from the text of the statute.").

[55] *Id.* ("In instances of an ambiguity in statutory language, we may resort to the rules of statutory construction, which permit us to examine the legislative history to aid in our determination regarding legislative intent.").

[56] *USAA Cas. Ins. Co. v. Auffant (In re Auffant)*, 274 B.R. 554, 557 (Bankr. M.D. Fla. 2002) (citing *MGR Equip. Corp., Inc. v. Wilson Ice Enters., Inc.*, 731 So. 2d 1262, 1264 (Fla. 1999)).

its right to take advantage of section 768.79—by simply adding an equitable claim to its complaint. Surely, that's not what the Florida Legislature intended.

In fact, when section 768.79 was originally enacted, it was limited to negligence actions.[57] But the statute was later amended in 1990 to encompass "any civil action for damages."[58] The obvious effect of the 1990 amendment was to expand the applicability of section 768.79—not restrict it. The Florida Legislature has shown no desire to restrict the availability of section 768.79, other than to make clear it is not available for equitable claims.

### III. Conclusion

Because section 768.79, Florida Statutes, is in derogation of the common law rule that each party is responsible for its own attorney's fees, the statute must be strictly construed.[59] Even strictly construing the statute, the Court concludes that section 768.79 applies to actions involving damages and equitable claims when an offer or demand for judgment is directed only to the damages claim because (1) an action involving claims for damages and equitable relief is still a "civil action for damages" under section 768.79; and (2) there is no practical problem to applying

---

[57] Ch. 86-160, § 58, Laws of Fla. (codified at § 768.79(1)(a), Fla. Stat. (1987).

[58] Ch. 90-119, § 48, Laws of Fla. (codified at § 768.79(1), Fla. Stat. 1991)).

[59] *Diamond Aircraft*, 107 So. 3d at 372 (explaining that section 768.79 must be strictly construed because it is in derogation of the common law rule that a party is responsible for its own attorney's fees, and because it is penal in nature.)

section 768.79 when the offer or demand for judgment is directed only to the damages claim.

The Court will therefore enter a separate order overruling the Debtor's objection to Fuentes & Kreischer's Claim No. 10 and allowing Claim No. 10 in the amount of $90,600.06.

> Attorney Allan C. Watkins is directed to serve a copy of this Memorandum Opinion on interested parties who do not receive service by CM/ECF and to file a proof of service within 3 days of its entry.

**Allan C. Watkins, Esq.**
**Watkins Law Firm, P.A.**
  *Counsel for Fuentes & Kreischer, P.A.*

**Ronald R. Bidwell, Esq.**
**Law Office of Ronald R. Bidwell, P.A.**
  *Counsel for the Debtor*